## GUARDIAN FOR CHILD OF DIVORCED COUPLE.

### JAY A. HARE v. MARY A. SEARS, AS GUARDIAN.

[Common Pleas Court of Wyandot County.]

Decided, January Term, 1906.

*Guardian and Ward—Jurisdiction—Necessity for Appointment of Guardian—Final Order—Parent and Child—Order Giving Custody of Child to Divorced Mother—Annulled by Death of the Mother.*

1. An order of the probate court appointing a stranger guardian of a minor child is a final order affecting a substantial right of its father and is reviewable on error.
2. The father is by law and nature the guardian of his minor child, and the necessity for the appointment of a guardian does not arise except for cause.
3. Where cause exists for the appointment of a guardian for a minor child, it must be shown that the father is an unsuitable person before another can be appointed.

DUNCAN, J.

This case is here on error from the probate court of this county. The controversy arises over the appointment of a guardian for the person and estate of one Mary E. Hare, a minor.

The said Mary E. Hare is the daughter of plaintiff in error and his wife, Harriet E. Hare, sister of defendant in error, and at the commencement of proceedings in the court below was fourteen years of age. Her father and mother were divorced by decree of court about ten years ago, and her custody was awarded her mother with whom and her grandmother and said aunt has ever since lived and made her home until during the fall of last year when her mother died. Ever since the death of her mother said child has lived and made her home with her grandmother and said aunt as before, who have done everything for her due a child left an orphan at such tender years.

On the 14th day of December, after the death of the mother, plaintiff in error made application to said probate court to be appointed guardian of his said child, and on the next day defendant in error also made application to said court to be ap-

pointed such guardian. At the same time said child also asked said court that her said aunt be so appointed.

Upon hearing, the court denied the application of plaintiff in error, and granted the application of defendant in error, and appointed her such guardian, and she thereupon gave bond and qualified accordingly. It is to reverse said order of appointment that this proceeding in error is prosecuted.

It is claimed by counsel for defendant in error that because the probate court, under Sections 524 and 6254, Revised Statutes, has not only original but exclusive jurisdiction in the appointment of guardians for minors, that the proceedings of the probate court in that behalf are not subject to review. This is good argument as against the "appeal" of a case where the statute does not provide specifically for the appeal. Otherwise, the jurisdiction would not be exclusive. But review on error is not exercising jurisdiction on appointment. Section 6708, Revised Statutes, provides that any "judgment rendered or final order made by a probate court * * * may be reversed, vacated or modified by the court of common pleas." There was an order made, and made by the probate court, and made dismissing the application of plaintiff in error and appointing the defendant in error guardian of the person and estate of the minor child of plaintiff in error. A final order is defined by Section 6707, Revised Statutes, as "an order affecting a substantial right made in a special proceeding." A substantial right is such right as may be enforced and protected by law (*Armstrong, Recr.,* v. *Brewing Co.,* 53 O. S., 467). And as a final order respecting the custody of children in a divorce suit may be reviewed on error without special statute (*Neil* v. *Neil,* 38 O. S., 558), it follows that an order affecting the final disposition of children in the appointment of a guardian of their person and estate, is also a final order affecting a substantial right of the person otherwise entitled to their control. It is a special proceeding because it seeks a remedy not by action but by original application for order of court (*Missionary Society* v. *Ely et al,* 56 O. S., 405). I hold, therefore, that this court has jurisdiction of this proceeding.

- There are but three errors complained of as intervening in the probate court:

1st.  That there was no finding that the father was an unsuitable person for such appointment.

2d.  That the findings are not supported by the evidence and are against the weight of the evidence.

3d.  That the court erred in the admission and rejection of evidence.

The view which I take of the first makes it unnecessary for me to discuss the other two.

It may be conceded that the father is not only by nature but by law the guardian of the person of his minor child, and by virtue thereof entitled to its custody.  The fact that the custody of said child by decree of the divorce court was taken away from the father and given to the mother, no longer controls, as the mother has since deceased and that order has thereby become nugatory.  *In re Coons*, 20 O. C., 47.

The father, both by law and by nature, being the guardian of his minor child and entitled to its custody, the necessity for the appointment of a guardian does not arise except for cause.  The power of appointment is conferred upon the probate court to be exercised only when necessary.  Section 6254, Revised Statutes; Rockel's Probate Practice, Section 1312.

Section 6255, Revised Statutes, sets forth the conditions under which the necessity may be said to arise, viz.:

1.  That the minor has an estate.  And in such case the appointment is limited to the estate only, except where one or more of the other three conditions exist.

2.  The death of both parents.

3.  The parents becoming unsuitable, or

4.  The liability of the parents' interests, in the opinion of the court, being promoted by the appointment.

While Section 6257, Revised Statutes, provides that any "female infant over the age of twelve years, shall have the right to select a guardian, who, if a suitable person, shall be appointed," this right does not arise where the necessity for the appointment of a guardian does not exist (Rockel, Sections 1329-1330). The necessity is a condition precedent and the right to select, a mere incident.  Otherwise the power of the probate court could be invoked for the appointment of a guardian for herself

by the mere whim of any female over twelve years of age, regardless of any necessity or any good reason therefor. The right only becomes absolute when the conditions arise for its exercise. If this construction is not correct, the statute is imperative upon the probate court, the only limitation being that the person selected is a suitable person to undertake the trust. This, certainly, is not the meaning of the statute and its absurdity will appeal to any one when the principle is applied to most any given case where the parent has not become unsuitable.

Take your own case, or take my case: Granted that I am a suitable person to have the custody and tuition of my daughter, now coming to the age of fourteen years, can it be said that she can invoke the jurisdiction of the probate court of my county and by her selection have my neighbor appointed her guardian just because she wants him, and he is a suitable person to act? I think not. But suppose I am not a suitable person, nor my wife, then upon such finding the court may appoint such guardian and shall appoint the choice of the daughter, if that choice is suitable. Here is the dividing line. It defines the limitations of the court's jurisdiction, where, as in this case, it is sought to have the custody and tuition of the child go with the appointment. This is made quite clear by Section 6264, Revised Statutes, which provides that even where a guardian has been appointed for both the person and estate of the minor, "the father of such minor, or if there be no father, the mother, if suitable person, respectively, shall have the custody of the person and the control of the education of such minor."

Reading all these sections of the statute together in an endeavor to give force and effect to every provision in the various situations arising in their administration, and to make the same one harmonious whole, I am unable to come to any other conclusion than the one which I have here announced. I have read the very able opinion of Judge Brown of the probate court and I agree with him in the considerations moving the appointment of defendant in error, and would affirm his order in so doing had he found the jurisdictional fact allowing him to make an appointment of a guardian of the person of said minor.

I agree with the contention made that it is the best interests of the child that prompts the court to act, and in acting, that all other considerations must yield, but in the absence of a finding to the contrary, which I have already explained, the law presumes that the child of his own flesh and blood, born subject to his custody and control, will be more apt to receive that kindly care and protection from the father during its tender years than any stranger would be expected to bestow; and unless it otherwise appears, it must also be presumed that the plaintiff in error possesses that same love and affection and will bestow upon his child such care and protection as would naturally and ordinarily be expected from any father to his daughter under the same or similar circumstances and conditions, aside from any ill will which may exist between the father and the mother's people. This may be said to be the general law of the land. *Weir* v. *Marley*, 6 L. R. A., 672; *Clark* v. *Bayer*, 32 O. S., 299.

And accordingly it has been provided by our statutes that this presumption must be overcome by proof that the father is unsuitable. This, I say, is the jurisdictional fact wanting in this record by reason of which I hold the appointment made to be void. Partly as authority, but more as tending to show the trend of judicial interpretation of these statutes, I cite: *Boescher* v. *Boescher*, 7 N. P., 418; *State, ex rel,* v. *Madden*, 12 O. D., 83.

Holding the views which I have expressed, it follows that said order of the probate court must be reversed and the cause remanded to that court with instructions to inquire into the suitableness of plaintiff in error for the appointment which he seeks, and to make a finding in respect thereto before appointing a guardian for said minor. It is further ordered that defendant in error pay the costs of this proceeding.

*Carey & Carey* and *Benj. Meck,* for plaintiff in error.
*Judge Lanker* and *D. C. Parker,* for defendant in error.